■ Holly Schepisi et al., Appellants, v Todd Roberts et al., Respondents. [974 NYS2d 446]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 21, 2012, which denied plaintiffs' motion for partial summary judgment, and denied plaintiffs Holly

Schepisi, Neil McPherson, and Kevin Dragan's (the individual plaintiffs) motion to dismiss defendant Todd Roberts's counterclaims against them, unanimously affirmed, with costs.

In addition to the individual plaintiffs, plaintiffs consist of Aegis Alabama Venture Fund, LP (Alabama Fund), Aegis Alabama Venture Fund GP, LLC (Alabama GP), Aegis Texas Venture Fund II, LP (Texas II Fund), and Aegis Texas Venture Fund II GP, LLC (Texas II GP) (collectively, the fund entities).

The motion court correctly denied plaintiffs' motion for summary judgment in their favor on several issues that would be dispositive of the majority of their causes of action. The contractual terms in the applicable operating agreements are ambiguous, and, pursuant to Delaware and Alabama law, which govern the operating agreements, there are triable issues of fact (*GMG Capital Invs., LLC v Athenian Venture Partners I, L.P.*, 36 A3d 776, 784 [Del 2012]; *Employees' Benefit Assn. v Grissett*, 732 So 2d 968, 975 [Ala 1998]). One provision in the agreements seems to authorize defendant Todd Roberts to contract with and retain defendant TMR Bayhead Securities, LLC, which he wholly owned, notwithstanding any other provision. The other provision requires that any transactions involving a conflict of interest have supermajority approval of the non-conflicted members, notwithstanding any other provision. As it is unclear which provision authorized or did not authorize Roberts's conduct in entering into the disputed transaction with Bayhead, the agreements are ambiguous as written, and, in finding that triable issues of fact exist, the court properly relied on Roberts's testimony that the provision requiring supermajority approval was intended to apply only after the funds closed.

The court also correctly relied on Roberts's detailed testimony, notwithstanding the lack of certain documentary evidence, in concluding that issues of credibility exist whether Bayhead performed any services in exchange for their payment.

In light of these conclusions, plaintiffs cannot prevail on their motion for summary judgment regarding whether defendant Roberts's interests in the funds at issue were properly terminated for cause and regarding the damages they seek. Similarly, as plaintiffs acknowledge, Roberts's counterclaims against the individual plaintiffs relate to the same factual issues regarding the propriety of his conduct in entering into an agreement with and making payments to Bayhead; accordingly, the motion court correctly denied the individual plaintiffs' motion to dismiss. Concur—Tom, J.P., Mazzarelli, Freedman, Richter and Feinman, JJ.